UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMANDA HARCROW                                      CIVIL ACTION

VERSUS                                              NUMBER: 06-10919

MICHAEL J. ASTRUE                                   SECTION: "B"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

<u>ORDER</u>

The following constitutes the ruling of the Court on defendant's motion to remand which is opposed by plaintiff. (Rec. docs. 19, 16).

The above-captioned matter is an action seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration. (Rec. doc. 1). After being served with a copy of plaintiff's complaint, defendant filed his answer as well as a certified copy of the transcript of the administrative proceedings below. (Rec. docs. 6, 8). Pursuant to the Court's briefing order, plaintiff filed her cross-motion for summary judgment on April 16, 2007. (Rec. docs. 7, 14). However, rather

than filing his cross-motion for summary judgment, defendant filed the instant motion to remand "... so that the Appeals Council can further evaluate how the subsequent award of disability benefits impacts the period at issue in the [d]efendant's final decision dated March 29, 2006, based on prior applications for Supplemental Security Income and Disability Benefits" and, "[i]f necessary ... remand the case to an Administrative Law Judge for further developmental action based on the evidence filed with [p]laintiff's application for disability benefits." (Rec. doc. 19-2, pp. 1-2). For her part, plaintiff opposes defendant's motion, arguing that his request is being asserted for dilatory purposes and that a remand is not authorized under the law. (Rec. doc. 16).

Relying on Supreme Court precedent, the Fifth Circuit has recognized that the Social Security Act allows for a remand to the Commissioner only under two circumstances, those allowed under the fourth sentence of 42 U.S.C. §405(g) and those permitted under the sixth sentence of §405(g). Istre v. Apfel, 208 F.3d 517, 519 (5th Cir. 2000)(citing Melkonyan v. Sullivan, 501 U.S. 89, 97-99, 111 S.Ct. 2157, 2163-64 (1991)). Because sixth sentence remands can only be sought and granted before the Commissioner files his answer, Dudley v. Astrue, 2007 WL 2179457 at *2 (5th Cir. 2007)(unpublished opinion), that course of action is unavailable here given the procedural posture of this case. Accordingly, the Court must determine whether defendant's request for a remand is

permissible under sentence four.

Under the fourth sentence of §405(g), "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Crucial to a sentence four remand is a substantive ruling, whether affirming, modifying, or reversing the decision of the Commissioner being judicially challenged; merely remanding a case for further consideration or "disposition" is not countenanced by sentence four. Istre, 208 F.3d at 520; Bordelon v. Barnhart, 161 Fed.Appx. 348, 352 (5th Cir. 2005).

Defendant seeks a remand to allow him to evaluate how his subsequent administrative decision in plaintiff's favor effects his previous unfavorable decision being judicially challenged in this lawsuit. The Commissioner does not ask that the substance of his previous unfavorable decision be reviewed by the Court nor is he suggesting that said decision be affirmed, modified, or reversed. That being the case, unless the Commissioner is prepared to concede that his disposition of plaintiff's previous benefits applications was in error and that it should be vacated, reversed, or otherwise modified, a sentence four remand is not warranted here. The Commissioner is herewith directed to file his cross-motion for summary judgment in this case on or before November 16, 2007.

New Orleans, Louisiana, this 11th day of November, 2007.

3

```
                                    _____
                                         ALMA L. CHASEZ
                                    UNITED STATES MAGISTRATE JUDGE
```