UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMANDA HARCROW                                    CIVIL ACTION

VERSUS                                            NUMBER: 06-10919

MICHAEL J. ASTRUE,                                SECTION: "B"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

## REPORT AND RECOMMENDATION

Presently before the Court is defendant's Rule 60(b) motion to amend his previous motion to remand and plaintiff's opposition thereto. (Rec. docs. 31, 29). For the reasons that follow, it is recommended that defendant's motion be granted, that the decision of the Commissioner at issue in this litigation be reversed, and that plaintiff's case be remanded to the Administration for further proceedings pursuant to sentence four of 42 U.S.C. 405(g).

Plaintiff filed this lawsuit to obtain judicial review of an advance decision of the Commissioner of the Social Security Administration denying applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI") benefits plaintiff had filed in 1996 and 2001. (Rec. doc. 1). Shortly after initiating this action, plaintiff filed a third application for SSI benefits which was adjudicated in her favor by the Administration on February 21, 2007. (Rec. doc. 9-4). Plaintiff filed her court-ordered motion for summary judgment challenging the Commissioner's previous unfavorable decision on April 16, 2007. (Rec. doc. 14). However, rather than filing such a motion himself, the Commissioner filed a motion asking that plaintiff's case be remanded to the Administration to evaluate how the 2007 decision in plaintiff's favor effected the previous unfavorable decision being challenged in this lawsuit. (Rec. doc. 19). Plaintiff opposed defendant's motion to remand and on November 11, 2007, the Court denied the motion because there was no concession by the Commissioner that his disposition of plaintiff's earlier applications for benefits was in error and should be vacated, reversed, or otherwise modified. (Rec. doc. 26). The Commissioner thus brings his present motion before the Court to formally make that concession. (Rec. doc. 31). Although plaintiff has once again filed an opposition to defendant's motion, she acknowledges that the decision on whether to remand her case lies within the discretion of the Court. (Rec. doc. 29).

Under the fourth sentence of 42 U.S.C. §405(g), "[t]he court shall have the power to enter, upon the pleadings and transcript of

the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." In the Court's relatively extensive experience in handling Social Security cases, motions to remand, particularly those premised on sentence four of §405(g), are indeed few and far between and are the exception rather than the rule.

In his motion, the Commissioner specifically denies that the requested reversal and remand is being sought for dilatory purposes. Rather, his intended purpose is to properly resolve two inconsistent disability determinations which were based on the same factual record concerning the same impairments, i.e., the evidence underlying the March 29, 2006 unfavorable decision was the very same evidence that resulted in the February 21, 2007 favorable decision with no apparent intervening events in between. The Commissioner has stated in his pleadings that he wishes to re-evaluate the onset date as to claimant's disability to have consistency in these proceedings. As the Commissioner has not indicated that the last adjudication awarding benefits to claimant was in error, the Court believes the remand sought is appropriate, provided benefits are currently being paid to claimant and that they continue throughout the remand process.

The Commissioner's concession to the entry of a judgment reversing his prior unfavorable decision amounts to a victory for

the plaintiff and will place her counsel in a position to recoup the attorney's fees expended in this case. See <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-03, 113 S.Ct. 2631-32 (1993). As for the remand additionally requested by the Commissioner under sentence four, at least two district courts have ordered remands to resolve inconsistencies between an earlier unfavorable decision and a subsequent favorable one. <u>Hayes v. Astrue</u>, 488 F.Supp.2d 560, 565 (W.D. Va. 2007); <u>Bradley v. Barnhart</u>, 463 F.Supp.2d. 577, 580-81 (S.D. W.Va. 2006)("... an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.") In light of these authorities, it will be recommended that the final decision of the Commissioner be reversed and that plaintiff's case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the Commissioner's decision be reversed and that this case be remanded to him for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

It is further recommended that the Commissioner be ordered to commence paying benefits pursuant to the February 21, 2007 favorable decision and to continue paying same while the remand and

re-evaluation procedure is implemented.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this <u>25th</u> day of <u>January</u>, 2008.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

5