UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMANDA HARCROW                                CIVIL ACTION

VERSUS                                        NUMBER: 06-10919

MICHAEL J. ASTRUE,                            SECTION: "B"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION

## REPORT AND RECOMMENDATION

Presently before the Court is the motion for attorney's fees and costs of plaintiff, Amanda E. Harcrow, and defendant's opposition thereto. (Rec. docs. 39, 40, 45).  For the reasons that follow, it is recommended that plaintiff's motion be granted and that she be awarded attorney's fees and costs in the amount of $6,725.00.

Plaintiff originally filed this lawsuit to obtain judicial review of an adverse decision of the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income

("SSI") benefits. (Rec. doc. 1).   Shortly after filing suit, plaintiff advised the Court that she had been awarded SSI benefits pursuant to a separate SSI application. (Rec. doc. 9).   As ordered by the Court, plaintiff filed her cross-motion for summary judgment on April 16, 2007.   (Rec. doc. 14).   Rather than filing such a motion himself, defendant filed a motion to remand, which he later supplemented, asking that his earlier unfavorable decision be reversed and that the matter be remanded back to the Administration to evaluate how the subsequent award of benefits effected that prior adverse determination. (Rec. docs. 19, 18, 26, 27, 31, 29). A Report and Recommendation was ultimately issued on defendant's motion to remand and on February 14, 2008, Judgment was entered reversing the Commissioner's unfavorable decision and remanding the matter back to the Administration for further proceedings under sentence four of 42 U.S.C. §405(g). (Rec. docs. 33, 36, 37, 38).

Having obtained a reversal and remand under sentence four of §405(g), plaintiff is now considered a "prevailing party" for purpose of seeking attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.   See Shalala v. Schaefer, 509 U.S. 292, 300-03, 113 S.Ct. 2631-32 (1993).   By way of her present motion, plaintiff seeks EAJA fees for a total of 59.3 hours at a rate of $125.00 per hour plus court costs in the amount of $350.00.   Although defendant does not object to plaintiff's requested hourly rate of $125.00, he does object to the number of

claimed hours as excessive.

EAJA provides that a court may award attorney's fees to a "prevailing party" for work found by the court to be necessary for preparation of the party's case. 28 U.S.C. §2412(d). The typical EAJA fee request is in the range of thirty to forty compensable hours. Hardy v. Callahan, 1997 WL 470355 at *9 (E.D. Tex. 1997). The plaintiff in such a case is not entitled to compensation for work that could have been done by clerical or support staff. Id. at *7. In addition, the court should exclude from the total of compensable hours claimed time that was not "reasonably expended". Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40 (1983).

Plaintiff is undoubtedly a prevailing party in light of the termination of this case in her favor. She now seeks compensation for a total of 59.3 hours which includes 1.5 hours for drafting a reply to defendant's opposition to the EAJA fee motion. In challenging the amount sought by plaintiff, defendant first argues that the 39.5 hours claimed for the preparation of plaintiff's motion for summary judgment is excessive considering that the case did not involve novel legal issues. As such, defendant requests that the Court reduce the number of hours claimed for that task to 30. Although plaintiff makes no attempt to refute defendant's argument in her reply memorandum, the Court does note that the administrative record in this case is 498 pages in length which is

3

a bit more than average.  Accordingly, the Court will reduce by 5 hours the time claimed for preparing the motion for summary judgment.

Next, defendant asks that plaintiff's fee request be reduced by 4.4 hours for tasks that were of a clerical nature.  Almost all of the entries in question are for filing and serving various pleadings and, on two occasions, for re-filing documents that were initially deemed to be deficient.  (See rec. doc. 40, p. 4, n. 2).  Plaintiff counters that he has no secretary or clerical staff and that all steps taken in the advancement of this case were performed personally by him and were the reasonable product of attorney performance.  While the Court is not unsympathetic to counsel's staffing situation, the task of filing documents, much like that of merely receiving documents, is more in the nature of a clerical duty.  Given counsel's lack of support staff, the more equitable approach here would be to compensate plaintiff's counsel for these 4.4 hours at a non-attorney rate of $50 per hour.

Finally, defendant objects to compensating plaintiff for .8 hours spent reviewing eight notices of deficiency and .3 hours spent reviewing defendant's motion to substitute counsel. The tasks in question had to be performed by someone and given the solo nature of counsel's practice, he should also be compensated for these functions at a non-attorney rate of $50 per hour.

4

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion for EAJA fees be granted and that she be awarded fees in the amount of $6,375.00 (48.8 hours at $125/hour + 5.5 hours at $50/hour) plus court costs in the amount of $350.00, for a grand total of $6,725.00.

New Orleans, Louisiana, this <u>23rd</u> day of <u>May</u>, 2008.

<u>Alma L. Chasez</u>
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE